BUROW et al. v. GRAND LODGE OF SONS OF HERMANN OF TEXAS.

(Circuit Court of Appeals, Fifth Circuit.   January 3, 1905.)

No. 1,370.

1. BANKRUPTCY—EXEMPTIONS—HOMESTEAD—INTERVENTION—APPEAL.

Where, in a proceeding to determine a bankrupt's homestead exemptions, the creditor secured by a deed of trust of property, claimed by the bankrupt as a business homestead, intervened, on the ground that the bankrupt was not entitled to a business homestead exemption, and prayed that all the property covered by the deed of trust be adjudged subject thereto and be ordered sold to satisfy the debt, which exceeded $2,000, a judgment of the District Judge reversing a referee's decision and holding that the bankrupt was not entitled to a business homestead, and directing that the property covered by the deed should be applied to its satisfaction, was appealable to the Circuit Court of Appeals, under Bankr. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], § 25a, subd. 3, authorizing appeals in bankruptcy to such court from a judgment allowing or rejecting a debt or claim of $500 or over.

2. HOMESTEAD—RURAL RESIDENCE—BUSINESS HOMESTEAD—EXEMPTION.

A bankrupt resided in a town of 275 inhabitants, which had not been incorporated, and of which no plat had ever been recorded.   He owned certain lots in a block of an addition on which his residence was situated, and an adjoining tract of 2155/100 acres, a part of which was called "Farm Lots" on the map of the addition kept in the county assessor's office.   For nearly 10 years prior to and including the time of bankruptcy such property was occupied by the bankrupt, who was married, both as a residence and a place of business.   The residence was originally built and used as a residence by a person who did business in town, and was assessed by the bankrupt as acreage county property. *Held*, that a finding that such residence was rural and not urban, and that the bankrupt was therefore not entitled to a business homestead exemption, was justified.

Appeal from the District Court of the United States for the Western District of Texas.

George E. Shelley and John T. Duncan, for appellants.

George Willrich, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge.   On September 4, 1903, the appellant Wilhelm F. Burow was adjudged a bankrupt.   On November 17, 1903, the trustee duly filed his designation of exempt property to which the bankrupt was entitled, including the homestead claimed by the bankrupt, embracing certain lots and parcels of ground claimed as his residence homestead in the village of Ellinger and certain other lots claimed as a business homestead.   On November 28th the referee made an order reciting that he was not satisfied that the lots claimed as a residence homestead do not constitute a rural homestead, and directed that there be a hearing in regard to the matter before him on December 19th, and that a true copy of this order be mailed to the bankrupt, another copy to his wife,

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

another copy to the trustee, and another copy to the attorneys of the bankrupt, and that the creditors of the estate be given notice of such hearing, and that the bankrupt and his wife, at the time and place designated, show that the property claimed as exempt is in fact exempt under the laws of the state of Texas. On the day named the appellee presented its petition for intervention, and attached thereto its proof of claim in the sum of $2,000, besides interest and attorney's fees, evidenced by a promissory note dated February 23, 1899, and by a deed of trust of same date, referred to and attached as part of the proof of claim. The deed of trust embraced the lots claimed as business homestead and other lands, but not the lots claimed as residence homestead. The petition stated the intervener's cause, and prayed that all of the property mentioned in the deed of trust be adjudged subject thereto, and that the same be ordered sold to satisfy the debt claimed. When the matter came on for hearing before the referee he approved the report of the trustee, and declared appellee's lien, so far as it embraced the lots claimed as a business homestead, was null and void, and disallowed the same as a lien thereon, for the reason that the premises constituted the business homestead of the bankrupt, and were not subject to such a lien under the laws of the state of Texas. On application of the appellee the matter was duly certified to the District Judge, who reversed the judgment of the referee as to appellee's lien, and found that the residence homestead of the bankrupt is rural property, and that therefore the bankrupt is not entitled to any business homestead, and the appellee is entitled to a foreclosure of its lien on the so-called business homestead; that the order of the referee, which sets aside as exempt property the lots claimed as a business homestead, be reversed; and that the order of the referee declaring null and void the deed of trust, to the extent that it embraces these lots, is reversed, and that these lots are subject to the deed of trust; that the order of the referee to the effect that the security on the other property covered by the deed of trust is valid security is affirmed; and that all of the property described in the deed of trust is subject to sale as applied for by the beneficiary. Thereupon the appellants excepted to so much of the foregoing order as declared the residence homestead property of the bankrupt to be rural, and holds that the bankrupt is not entitled to a business homestead, and that the security of the order of the Sons of Hermann upon the same is a valid lien, and prays to be allowed an appeal, which was thereupon, in open court, allowed.

The appellee presents a motion to dismiss the appeal upon the ground, first, that this court has no jurisdiction to entertain this case on appeal, as the same is not appealable under any of the provisions of section 25a of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]; second, because no assignment of errors was filed when the appeal was allowed; third, the errors assigned are too general; fourth, the errors assigned are in effect that the court erred in deciding the case in favor of the order of the Sons of Hermann. Of these, the second, third, and fourth relate to practice and procedure, and need not be consid-

ered. The first requires attention. In support of this assignment the appellee cites In re Whitener, 105 Fed. 180, 44 C. C. A. 434. That case involved a dispute as to the title of property which had not been surrendered by the bankrupt, who represented that it did not belong to him, but to another person named, which other person had come in to claim it. The property had been brought into the possession of the court of bankruptcy on an order of the referee declaring it to be a part of the bankrupt's estate, and the proceeding which it was sought to review was to recover the property from the trustee as property that belonged to the adverse claimant. We held that the proceeding in the court of bankruptcy was a proceeding in the administration of the bankrupt's estate, and was in no proper sense a proceeding to allow or reject a debt or claim against the estate, within the meaning of subdivision 3 of section 25a. This decision was rendered November 20, 1900. At that time the District Court had not general jurisdiction to hear and determine controversies between adverse parties. In Texas homestead property is designated by its actual use as such. In the country it may embrace 200 acres in one or more parcels, and in a city, town, or village includes the place actually used as a place of business by the head of the family, limited by the value of the ground at the time of designation. If the property claimed by the bankrupt as his homestead was in a village, and used only for the purposes of a home and as a place of business, it was exempt from judicial seizure for ordinary debts, and did not vest in the trustee by the adjudication of bankruptcy. Moreover, if such was the location and use of the property, the husband and wife, either or both of them, had no power to charge it or any part of it, as they attempted to do in the deed of trust given to secure the appellee's debt. If such were not the conditions in fact, and the appellee's mortgage was valid, it could be enforced according to the terms of the instrument creating it or by resort to a court of equity. The adjudication of bankruptcy did not affect its validity. It may be that without proving its debt under section 57, Bankr. Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], the appellee could have exhibited its bill or presented a petition in the nature of a bill in equity in the court of bankruptcy to have its mortgage declared valid and to obtain foreclosure. If the latter course had been pursued, the court of bankruptcy as a court of equity might have decreed substantially as it has adjudged in the decree from which this appeal comes, and in that case it can hardly be questioned that the parties appellant here would have had the right to appeal from the decree or such parts thereof as aggrieved them. The intervener did not proceed in that way, but made proof of its claim, attaching thereto the note and mortgage. In this case, as in many others, the lien claimed, though merely an incident of the debt, is to the appellants the most vital part of the claim adjudged. It seems also to be a vital part of the claim to the appellee. This case does not come within our ruling in In re Whitener, 105 Fed. 180, 44 C. C. A. 434. In our opinion, the construction of subdivision 3 of section 25a, Bankr. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901,

p. 3432], that would exclude this case, would be a narrow con-struction of the language of that section.

The distinguished counsel for the appellants submits in his printed brief that the principal question to be here determined is as to whether lots 7 to 11, in block A, and farm lots 8 and 9, which constitute the residence homestead of appellants, is rural or urban in character. If it be rural, then lots 11 to 20, in block 13 of Ellinger, Tex., are not exempt, and are therefore subject to appellee's debt and lien. On the other hand, if the residence lots are urban, lots 11 to 20, in block 13 of Ellinger, are exempt to appellants, and the lien of appellee is void in so far as that property is concerned.. There is no controversy about the facts as shown by the testimony adduced upon the trial of this question before the referee in bankruptcy, and the findings of fact filed by the referee present a true and full synopsis of the evidence, and for this reason will be here substantially copied:

"The town of Ellinger, in Fayette county, was laid out on the railroad about 1881 or 1882, when the railroad was built through that locality. The White-Bradshaw-Meerscheidt addition to the town of Ellinger was laid out in about 1882. Neither the town nor its addition was at any time incorporated. No town plat of the town proper is recorded, but a map is kept in the county assessor's office. No plat of the addition is recorded, excepting that it appears in a deed from the originators of the addition to one Hall, which deed is of record. The bankrupt owns lots 11 to 20, inclusive, in block No. 13 of the original town of Ellinger, and a steam gin and mill used for a number of years by the bankrupt in his avocation as miller, and so used by him long prior to the execution of intervener's deed of trust, is situated on that property. The bankrupt has owned for a number of years lots Nos. 8, 9, 10, and 11, in block A of the addition on which his residence is situated, and at the same time he acquired those lots he also acquired a tract of $21^{55}/_{100}$ acres, part of what is called on the map of the addition farm lots, and being directly connected with the residence lots. For about ten years previous to and including the time of bankruptcy the above-described property was occupied as a residence and for residence purposes and as a place of business for the bankrupt, who at all times was and is now a married man.

"What is designated as block 13 on the map (which is omitted) is the block on which the gin and mill of the bankrupt is situated. East of that block are several other blocks, which go as far east as the depot platform. The main business houses of the town, representing more than 15 businesses, are situated between block 13 and the railroad platform, and they go within probably 500 feet of the business property of the bankrupt. Immediately west of block 13 is a part of a block owned by some person who has fenced it up to within four feet of the east line of Meerscheidt street. Hotman street, north of block 13, comes to an end where the residence lots of the bankrupt are situated, and the street north of these lots is fenced up, and was fenced up by the bankrupt. The street, called White street, is used by the bankrupt in part as pasture and as a storing place for cotton. The north and south railroad streets and Spangler street are fenced up. So are the streets running north and south in the addition. A deep ravine prevents access to the bankrupt's residence by means of the railroad reserve, and the only access is through Hotman street, which runs east of the center of the town proper. South of the bankrupt's residence is one other residence, and north of him there are three residences, the first one about 200 yards from the bankrupt's. West, south, and northwest of the bankrupt's residence is woodland and hilly ground, and there are no residences excepting those mentioned. The land (west, south, and northwest of bankrupt's residence) is used for timber and farm land, small farm tracts being scattered throughout. The residences of the town of Ellinger are in a circle around the town proper, most of them in the southwestern part of the town, and most of the

residences have little farms of about ten acres attached to them. The distance from the bankrupt's residence to the southeast corner of his mill and gin lot is about 200 feet. One thousand and eighty feet is about the distance from the depot to the east line of the bankrupt's residence. The bankrupt's residence was originally sold to one Hall, who built a residence thereon and did business in town. It is admitted that the homestead exemptions of the bankrupt, if they are urban, are in no way in excess of the value allowed by law. West and south of the bankrupt's residence are no streets excepting the country road, all other streets having been fenced up.

"There are about 800 lots in the original town of Ellinger. All of the property claimed by the bankrupt as residence, including the adjacent streets, is fenced up. It is used for a garden, for the purpose of growing foodstuff, and for pasturage. The bankrupt assessed the lots on which his mill and gin property is situated as town lots, but he has never assessed his residence lots and the adjacent acreage property as town property, but always assessed it as acreage country property. The population of Ellinger is about 275."

On the foregoing facts the referee adjudged that the designation of the homestead exemptions as made by the trustee under date of November 17, 1903, and which sets apart as the residence property of the bankrupt $21^{55}/_{100}$ acres, part of the farm lots Nos. 8 and 9, and lots 7, 8, 9, 10, and 11 in block A of the White-Bradshaw-Meerscheidt addition to the town of Ellinger, and which sets aside lots 11 to 20, inclusive, in block 13, in the town of Ellinger, all in Fayette county, Tex., be, and the same is hereby, approved and confirmed. The decree appealed from recites, among other things, that:

"The court having inspected the record of said matter attached to the certificate of the referee, and the claim of the said order of the Sons of Hermann, together with the deed of trust attached thereto, which stands as security for said claim, and which said claim was filed and allowed on the 19th day of December, 1903, and having duly considered said record, and having heard the argument of counsel, is of the opinion that the residence homestead of the bankrupt is rural property."

Whether land is located in a city, town, or village does not depend on the fact of incorporation. It may come to be within the corporate limits of a town without losing its character as a rural homestead, or it may be located within the limits of a town or village, and thus have the legal character of an urban homestead, although the town or village is not incorporated. M. H. Lauchheimer & Sons v. Saunders (Tex. Sup.) 76 S. W. 750; George Wilder & Company v. Isaac McConnell, 91 Tex. 600, 45 S. W. 145. It is not disputed in this case that lots 11 to 20, inclusive, in block 13, in the town of Ellinger, are urban within the meaning of the constitutional provision. It would appear from all the proof that the bankrupt's business was to operate that property, and that his residence was located with a view to operating the same, and that the ground which he claimed as his residence homestead was used for the purposes of a home, and all of it was embraced within the limits of the addition to the town of Ellinger, which addition was laid out many years before the bankrupt bought the lots which constitute his residence homestead. The mortgage given the appellee does not embrace these lots. It does embrace lots 11 to 20, inclusive, in block 13, all of which are admitted to be in the town of Ellinger. We must assume that the appellants acted in good

faith in giving that mortgage, but we should also guard our minds against any tendency to give to that act of theirs the force of an estoppel, as it would manifestly be futile for the Constitution to provide that a husband and wife cannot mortgage a homestead if the courts may hold them estopped from setting up against the grantee the fact that the property was homestead. It does, however, tend to show that the grantors, if acting in good faith, as we assume, believed that their home was a country home, which did not and could not include a place of business in the town or village. And this element of the proof may be allowed to turn the scale in the evenly balanced state of the inferences to be drawn from the other evidence in the case, and authorize us to conclude that the homestead of the bankrupt is in the country.

We therefore affirm the decree.